Justin C. Frankel (JF-5983)
Jason A. Newfield (JN-5529)
FRANKEL & NEWFIELD, P.C.
585 Stewart Avenue - Suite 301
Garden City, New York 11530
(516) 222-1600

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---

| | | |
|---|---|---|
| NANCY REACH, | : | |
| | : | |
| Plaintiff, | : | 07-10479 |
| | : | |
| - against - | : | ECF |
| | : | |
| LIFE INSURANCE COMPANY | : | |
| OF NORTH AMERICA | : | **COMPLAINT** |
| | : | |
| | : | |
| Defendant. | : | |

---

Plaintiff, NANCY REACH, by and through her attorneys, FRANKEL & NEWFIELD, P.C., as and for her Complaint against Defendants LIFE INSURANCE COMPANY OF NORTH AMERICA hereby sets forth the following:

### THE PARTIES

1.   At all times hereinafter mentioned, Plaintiff Nancy Reach, was and still is a resident of the State of Illinois.

2.   Upon information and belief, at all times hereinafter mentioned, Defendant LIFE INSURANCE COMPANY OF NORTH AMERICA is a Pennsylvania corporation, and a subsidiary of CIGNA, with its principal place of business at 140 East 45th Street, New York, New York 10017 and is licensed to conduct business in the State of New York.

Defendant LINA is therefore a citizen of the State of New York, pursuant to 28 U.S.C. § 1332(c)(1).

## JURISDICTION AND VENUE

3.      Jurisdiction of the Court is based upon 29 U.S.C. §§ 1132(e)(1) and 1132(f), which give the District Courts jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee welfare benefit plan. Jurisdiction is also founded on 28 U.S.C. §1331 because this action arises under 29 U.S.C. §1001 et. seq. (Employee Retirement Income Security Act of 1974, hereinafter "ERISA").

4.      Venue in the Southern District of New York is appropriate because Defendant conducts business and is subject to personal jurisdiction in this judicial district and maintains contacts in this judicial district sufficient to subject it to personal jurisdiction. Venue is also appropriate in the Southern District of New York because Plaintiff's employer, Aon Corporation, the policyholder of the subject policy, resides in New York.

5.      Pursuant to 28 U.S.C. §1391(a)(1) and §1391(c), this action is properly venued in the Southern District of New York.

## FACTS

6.      At all times hereinafter mentioned, Plaintiff was an employee of Aon Corp., ("Aon") and was a participant and/or beneficiary under the LTD Plan.

7.      The LTD Plan is an employee welfare benefit plan specifically covered under ERISA, 29 U.S.C. 1002(2)(A).

8.      At all times material herein, LINA made and/or participated in making all benefits decisions under the LTD Plan.

9. During Plaintiff's employment with Aon, Defendant LINA issued a long term group disability income policy (hereinafter the "Policy").

10. At all times hereinafter mentioned, said disability policy of insurance was issued for the benefit of certain eligible Aon employees in exchange for the payment of premiums by Aon and/or the employees.

11. At all times mentioned herein, Plaintiff was and is an employee eligible for disability benefits and an insured under the Policy.

12. Said policy provided, among other things, that disability insurance payments will be made to Plaintiff in the event that he becomes disabled due to accidental injury or sickness.

13. On or about November 30, 2005, during the period within which said Policy was in full force and effect, and while Plaintiff was an eligible employee, Plaintiff became disabled within the meaning and pursuant to the terms of said Policy.

14. As of this date, Plaintiff continues to be disabled in that she is unable to perform her occupation, or any occupation for that matter.

15. Plaintiff's disability is caused by, among other things, severe depression and intractable anxiety, and the associated restrictions and limitations in functioning that she suffers.

16. Plaintiff filed a timely claim, cooperated with Defendant LINA in all respects, provided proper proof of loss in support of her claim, and otherwise compiled with the policy terms and conditions regarding the filing and maintenance of a claim.

17. Pursuant to the policy, LINA was obligated to commence the periodic payment of monthly benefits to Plaintiff following the expiration of her elimination period.

18. LINA accepted liability upon Plaintiff's claim, but terminated her claim effective November 14, 2006.

19. Despite Plaintiff's continued total disability, Defendant has denied benefits to Plaintiff and continues to refuse to pay benefits pursuant to the policy, although payment thereof has been duly demanded.

20. Said refusal on the part of Defendant is a willful and wrongful breach of the policy terms and conditions.

21. Monthly benefits to Plaintiff are continuing to be due and payable by Defendant with the passage of each month.

22. Defendant is a conflicted decision maker because it has a financial interest in the outcome of Plaintiff's claim.

23. Defendant's structural conflict of interest pervaded its handling of Plaintiff's claim, resulting in a number of procedural irregularities in its claim handling, including but not limited to: the failure to consider the impact of her condition on her ability to perform all of the essential duties of her occupation or any occupation for which she is qualified based upon her age, experience, training and education; the refusal to consider Plaintiff's credible subjective complaints on her ability to work; the reliance upon a selective review of medical records to reach a result oriented claim determination; the failure to utilize appropriately qualified medical personnel to reach decisions on levels of impairment; and the failure to perform a fair and neutral evaluation of Plaintiff's medical condition and associated restrictions and limitations; and other biased claim handling issues.

24. Defendant's claim handling resulted in numerous violations of 29 CFR § 2560.503-1, et seq.

25. Defendant's claim handling failed to provide Plaintiff with a full and fair review of her claim.

26. Defendant's claim handling demonstrates a bias against Plaintiff's claim due to its impact on Defendant financial situation and prevented Plaintiff from receiving a full and fair review of his claim.

27. Plaintiff has attempted to exhaust all administrative appeals and remedies to the extent they exist pursuant to the conditions of the employee benefit plan.

28. By reason of the foregoing claims conduct, Defendants failed, by operation of law, to establish and follow reasonable claims procedures that would yield a decision on the merits of her claim. 29 C.F.R. §2560.503(l).

29. Because Defendant failed to satisfy the minimum procedural safeguards set forth in 29 C.F.R. §2560.503-1, Defendants' initial Adverse Benefit Determination is not entitled to any judicial deference.

30. Plaintiff submitted her administrative appeal on September 4, 2007.

31. To date, LINA has failed to render a decision upon Plaintiff's appeal.

32. As of the date of the filing of this Complaint, LINA has failed to render a decision on the appeal. By operation of law, the appeal is thus deemed denied, and the Plaintiff has exhausted her administrative remedies.

33. Defendant willfully failed to comply with ERISA regulations.

34. Defendant neither articulated in writing the special circumstances requiring the extension or made a determination of the appeal within 45 days from the end of the initial review

period.

35. Based upon LINA's failure to render a timely decision (and no decision has been rendered to date), Plaintiff is entitled to a *de novo* review of her claim.

36. Plaintiff continues to be totally disabled, and monthly benefits are due and owing to her with the passage of each month.

37. The standard of review for this action is *de novo*.

**WHEREFORE**, Plaintiff NANCY REACH prays that She may have a declaratory judgment herein declaring the rights and other legal relations of the parties hereto regarding the matters set forth in this Complaint specifying the following:

a) Plaintiff is disabled pursuant to the language and within the meaning of the subject policy of insurance issued by Defendant in that she is unable to perform her occupation, as that term is defined in the policy.

b) Defendant is obligated to pay continuing benefits to Plaintiff pursuant to the policy and shall pay all benefits in arrears due and owing since the denial of benefits, plus interest;

c) Defendant's obligation to pay benefits to Plaintiff shall continue as long as she remains totally disabled, subject to the applicable benefit period in the policy;

d) Plaintiff shall be afforded appropriate equitable relief to redress Defendant's violation of the terms of the Policy;

e) Pursuant to ERISA §502 et. seq., Plaintiff shall be entitled to recoup her attorney's fees, as well as all other costs and disbursements of this action, along with pre-judgment and post-judgment interest;

    f)    Plaintiff may return to this Court, upon motion, to seek further declaratory relief in the event that it becomes necessary; and

    g)    Such other and further relief as the Court may deem just and proper.

Dated: Garden City, New York
       November 19, 2007

                By:        Jason A. Newfield
                    Justin C. Frankel (JF-5983)
                    Jason A. Newfield (JN-5529)
                    FRANKEL & NEWFIELD, P.C.
                    585 Stewart Avenue - Suite 301
                    Garden City, New York 11530
                    (516) 222-1600
                    Attorneys for Plaintiff

X:\Shared\Reach\Complaint.wpd