# WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

3 Gannett Drive, White Plains, NY 10604-3407
Tel: 914.323.7000   Fax: 914.323.7001

*Chicago • Dallas • Garden City • Houston • Las Vegas • London • Los Angeles • McLean*
*New York • Orlando • Philadelphia • San Diego • San Francisco • Stamford • Washington, DC • White Plains*
*Affiliates: Berlin • Cologne • Frankfurt • Mexico City • Munich • Paris*

www.wilsonelser.com

**MEMO ENDORSED**

**Emily Hayes**
Emily.Hayes@WilsonElser.com

> Conference Adjourned to 2/1/08 at 9:30 A.M. P. to Respond to this Letter with a Brief (2-3 pp) Letter by 1/28/08.
>
> SO ORDERED:
> Date: 1/23/08
> Richard M. Berman, U.S.D.J.

January 22, 2008

**BY FEDERAL EXPRESS**

Hon. Richard Berman, U.S.D.J.
United States Courthouse
500 Pearl Street, Room 650
New York, NY 10007

Re:   Reach v. Life Ins. Co. of North America, 07 Civ. 10479 (RMB)

Dear Judge Berman:

We represent defendant Life Insurance Company of North America (LINA) in the referenced action and write pursuant to your individual rules to request a pre-motion conference to file a motion to transfer venue pursuant to FRCP 12(b)(3) and 28 U.S.C. § 1406(a). We also request that the Rule 16 conference currently scheduled for Monday, January 28, 2008 be adjourned, as counsel for the defendant has a scheduling conflict with a mediation that is scheduled to take place in Philadelphia on the same day. The adjournment will also allow more time for plaintiff to submit a response. Plaintiff's counsel agrees with this request for adjournment, and counsel for both parties are available on January 30 and February 1, 2008.

This ERISA action arises from LINA's decision to deny plaintiff's claim for long term disability benefits, an insured coverage under the group policy offered and administered by Plaintiff's former employer, Aon Corporation, and issued by LINA.

1865062.1

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-23-08

This case is improperly venued in the Southern District of New York, because it has absolutely no connection to the New York, and it must be transferred to another district, specifically the Northern District of Illinois, which is plaintiff's district of residence. Federal Rule of Civil Procedure 12(b)(3) provides that a motion to dismiss may be filed on the basis of improper venue. Fed. R. Civ. P. 12(b)(3). If venue is improper, the court has the power to transfer the case to "any district or division in which it could have been brought." 28 U.S.C. § 1406(a)(2007); see Goldlawr, Inc. v. Heiman, 369 U.S. 463, 465 (1962). Similarly, 28 U.S.C. § 1404(a) states that "[f]or the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district of division where it might have been brought." 28 U.S.C. § 1404(a)(2007).

Pursuant to ERISA's venue provision, 29 U.S.C. § 1132(e)(2), an ERISA action may be brought in a federal judicial district "where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2)(2007). This ERISA action does not meet any of those criteria, and indeed has no connection to the State of New York, and therefore venue in the Southern District of New York is improper. Plaintiff, a resident of Illinois, was employed by Aon, an Illinois corporation, as a senior business analyst in Illinois. All of plaintiff's treating physicians are located in Illinois. Plaintiff's long term disability coverage was provided and administered by LINA, a Pennsylvania company based in Philadelphia and with claims operations in Pittsburgh.

In lieu of dismissing this matter the Court may, pursuant to 28 U.S.C. § 1406(a), transfer this matter to the Northern District of Illinois. Transfer would also be appropriate pursuant to 28 U.S.C. § 1404(a). When determining whether transfer is appropriate, there is a two step inquiry: whether the case could have properly been brought in the transferee court, and, if so, "whether

considering the convenience of the parties and witnesses and the interest of justice, a transfer is appropriate." Fuji Photo Film Co., Ltd. v. Lexar Media, Inc., 415 F. Supp. 2d 370, 373 (S.D.N.Y. 2006) (citations omitted). This case clearly could have been brought in the Northern District of Illinois because that is plaintiff's home district.

Plaintiff has chosen the Southern District of New York as her forum. While ordinarily a plaintiff's choice of forum should not be disturbed, in a situation such as this case where the chosen forum is neither the plaintiff's home forum nor the forum where the majority of the operative facts took place, the presumption is significantly lessened. See Sinochem v. Malaysia Int'l Shipping Corp., 127 S. Ct. 1184, 1191 (2007). In addition, as discussed above, none of the operative facts in this matter occurred in New York.

The convenience of the parties and of non-party witnesses is an important factor. See Reinhard v. The Dow Chemical Co., 07 Civ. 3641, 2007 U.S. Dist. LEXIS 59242, at *11-12 (S.D.N.Y. Aug. 13, 2007). Many of the potentially relevant witnesses are in Illinois, including plaintiff and her treating physicians. Other potentially relevant witnesses are in states other than New York, including LINA in Pennsylvania, and its claims reviewers who reviewed plaintiff's claim in Pittsburgh.

Accordingly, we respectfully request permission to file a motion to transfer venue to the United States District Court for the Northern District of Illinois. Thank you for your attention to this matter.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

*Emily Hayes*
Emily Hayes

cc: Jason Newfield, Esq.